IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL D. SMITH,

      Plaintiff,                      No. 2:09-cv-0654 JAM EFB P

      vs.

B. PRIOLO, et al.,

      Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

                             /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on an Eighth Amendment excessive force claim against defendants Priolo and Delgado, and an Eighth Amendment failure to protect claim against defendant Dharlingue. Plaintiff moves for an emergency "restraining order," because he believes that unidentified prison officials are poisoning his food and threatening him for filing this lawsuit. Dckt. No. 60. The court construes plaintiff's motion as a motion for a preliminary injunction. So construed, plaintiff's motion must be denied.

      A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching

power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

    Here, plaintiff has not shown a likelihood of success on the merits, nor has he shown any relationship between the preliminary relief sought and the subject matter of this lawsuit.  Apart from plaintiff's unsupported allegations, there is no evidence establishing that plaintiff is likely to prevail on his Eighth Amendment claims, or that the injunction sought is necessary to preserve the court's ability to grant effective relief on those claims and that it is the least intrusive means for doing so.  Moreover, the allegations on which plaintiff bases his motion for preliminary injunctive relief are properly the subject of another lawsuit and cannot be cannot be adjudicated in this action, where they cannot be properly exhausted through the administrative appeals process.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) *and Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must

be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011); Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the suit regards "the same transaction, occurrence, or series of transactions or occurrences" or "any question of law or fact common to all defendants").  Accordingly, plaintiff's motion for preliminary injunctive relief must be denied.

      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's November 8, 2012 motion (Dckt. No. 60), construed as a motion for a preliminary injunction, be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 15, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE