1

2

3

4

5

6

7                             IN THE UNITED STATES DISTRICT COURT

8                            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    EARL D. SMITH,

10             Plaintiff,                        No. 2:09-cv-0654 JAM EFB P

11        vs.

12   B. PRIOLO, et al.,

13             Defendants.                       <u>ORDER</u>

14   _____/

15        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

16   U.S.C. § 1983.  On October 18, 2012, the court issued a tentative pretrial order and set this case

17   for trial before the district judge on April 13, 2013.  Dckt. No. 56.  On October 30, 2012,

18   plaintiff filed "objections," but as discussed below, did not set forth the basis of any objections

19   or articulate what changes, if any, should be made to the pretrial order.  Accordingly, the court

20   will not make any changes to the pretrial order, which is now final.  Pursuant to Federal Rule of

21   Civil Procedure 16, the pretrial order shall control the subsequent course of this action and will

22   not be modified except according to its terms or to prevent manifest injustice.

23        In his objections, plaintiff lists fifteen undisputed facts, which are nearly identical to the

24   undisputed facts set forth in the pretrial order.  Plaintiff slightly modifies some of the undisputed

25   facts by adding a few details.  It is not clear whether the additional details offered by plaintiff are

26   undisputed, and plaintiff does not appear to actually object to any of the undisputed facts as set

1

forth in the pretrial order.  Plaintiff states that "all other factual issues pertaining to this case [are] in dispute," but the court will not guess as to which of the specific factual issues plaintiff refers.  Plaintiff omits undisputed fact numbers 16-19, but those facts are consistent with plaintiff's complaint and pretrial statement.  Accordingly, the court will not make changes to the pretrial order's section on undisputed or disputed facts.

Plaintiff objects to defendants' position regarding whether he may testify about his injuries.  This is an evidentiary issue that must be contained in the pretrial order in order for defendants to raise it at trial. Fed. R. Civ. P. 16(d), (e)).  Plaintiff's objection is therefore overruled.  As stated in the pretrial order, evidentiary issues must be addressed by appropriate in limine motions filed not later than twenty-one days before trial.  Should defendants file a motion in limine on this evidentiary issue, plaintiff may express any objections thereto through an opposition brief.

Plaintiff adds a points of law section in his objections.  Plaintiff's points of law do not significantly differ from those set forth in the pretrial order.  Plaintiff may include his points of law in his trial brief, which shall be served and filed not later than fourteen days before trial.

Plaintiff indicates he is willing to settle his case for $1500 and asks the court to help him settle his case.  The court-ordered settlement conference held on July 11, 2012 was not successful.  If plaintiff still wishes to pursue a settlement agreement, he may engage in settlement negotiations without the court's assistance.

Plaintiff includes a "discovery request" for inmate complaints of excessive force against the defendants.  Pursuant to the November 2, 2010 discovery and scheduling order, discovery closed on February 25, 2011.  Dckt. No. 19.  A scheduling order may only be modified upon a showing of good cause. Fed. R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiff's untimely discovery request is denied.

1      Plaintiff requests a copy of his complaint and its exhibits for use "to complete

2  discovery."  As noted, discovery in this action is closed.  The Clerk's Office will provide copies

3  of documents (in cases 2005-present) and of the docket sheet at $0.50 per page.

4      Finally, plaintiff requests that trial be continued to at least October 2013.  The pretrial

5  order, dated October 18, 2012, provided the parties with nearly six months notice of the April

6  2013 trial date.  Plaintiff fails to demonstrate good cause for delaying trial in this matter.

7      Pursuant to the October 18, 2012 pretrial order, the Clerk of the Court shall terminate

8  docket numbers 49 and 52.

9      So ordered.

10  DATED:  November 15, 2012.

                                            EDMUND F. BRENNAN

11                                   UNITED STATES MAGISTRATE JUDGE